# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TOMMY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV49 LMB |
| | ) | |
| TERRY STEVENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Tommy Williams for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### In forma pauperis

Normally, a prisoner must pay the full amount of the filing fee in installments under 28 U.S.C. § 1915(b). However, 28 U.S.C. § 1915(b)(4) states, "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or

criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

Plaintiff claims that jail officials will not permit him to have any money or an inmate account. As a result, plaintiff has no funds from which to pay an initial partial filing fee, and the Court will allow this suit to go forward without assessing an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the New Madrid County jail, brings this action under 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement and denial of medical care. Named as defendants are Terry Stevens, Sheriff of New Madrid County, and Steve Fowler, the Head Jailer of the New Madrid County jail.

Plaintiff's allegations concern the conditions at the jail (*e.g.*, mold on the walls and ceilings, toilets that leak waste onto the floors of the cells, food that is contaminated by dirt and rust). He also alleges that he has been ill, that he sustained an injury to his arm and hand, and that he has not been allowed to see the medical staff. Plaintiff further alleges that he has not been allowed to go outside to exercise and that he has not been permitted to shower or brush his teeth.

Plaintiff claims that defendants Stevens and Fowler have denied or ignored his grievances. Plaintiff also alleges that Fowler placed him in a punishment cell on September 5, 2010.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College,

72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claims would fail even if they were brought against the defendants in their individual capacities. The claim that Fowler placed plaintiff in a punishment cell on September 5, 2010, does not rise to the level of a constitutional violation. Further, "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Plaintiff does not claim that the defendants are directly responsible for any constitutional violations arising from the conditions of the jail,

the alleged denial of medical care, or the alleged denial of exercise and personal hygiene. His allegation that defendants denied his grievances is insufficient to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 14th day of April, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE